ATTORNEY FOR HON. TOMMY D. PHILLIPS, II, JUDGE
Kelly N. Bryan
Bryan & Bryan
Muncie, Indiana

ATTORNEYS FOR THE COMMISSION ON JUDICIAL QUALIFICATIONS
Adrienne L. Meiring
Mary Elizabeth Daulton
Indianapolis, Indiana

# In the
# Indiana Supreme Court

FILED

Apr 28 2017, 1:37 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 38S00-1609-JD-517

IN THE MATTER OF THE HONORABLE
TOMMY D. PHILLIPS II, JUDGE
OF THE DUNKIRK CITY COURT

JUDICIAL DISCIPLINARY ACTION

**April 28, 2017**

**Per Curiam.**

This matter comes before the Court as a result of a judicial disciplinary action brought by the Indiana Commission on Judicial Qualifications ("Commission") against Respondent Tommy D. Phillips II, Judge of the Dunkirk City Court. Article 7, Section 4 of the Indiana Constitution and Indiana Admission and Discipline Rule 25 give the Indiana Supreme Court original jurisdiction over this matter. In lieu of Respondent tendering a written response to the charges, the parties jointly tendered a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating the following facts:

Respondent is not a lawyer. At about 5:30 p.m. on August 16, 2016, he went to the Dunkirk Police Department for a meeting with City of Dunkirk Mayor Gene Ritter ("Mayor") and Dunkirk Chief of Police Dane Mumbower ("Chief Mumbower") to discuss several issues of conflict between the police department and the city court. Early in the meeting, Respondent began having a heated verbal exchange with Chief Mumbower, who started to leave the meeting. The heated exchange continued, and Respondent shoved Chief Mumbower in the midsection. The Mayor calmed both men down and asked Chief Mumbower to stay to discuss the matters of concern that had prompted the meeting, and the meeting continued until about 7:38 p.m.

The Jay County Sheriff's Office investigated the incident a few days later. Then on September 29, 2016, Respondent was charged in Jay Superior Court with Battery Against a Public Safety Official as a Level 6 felony in case number 38D01-1609-F6-000165. Respondent pleaded guilty to the charge under a plea agreement providing for the conviction to be treated as a misdemeanor at sentencing. At sentencing, the trial court entered judgment of conviction against Respondent for Battery Against a Public Safety Official as a misdemeanor and sentenced him to 365 days in the Jay County Jail, all suspended to one year of probation, with 100 hours of community service to the U.S. Department of Veterans Affairs as a condition of probation.

Respondent and the Commission agree that, by being convicted for Battery Against a Public Safety Official, Respondent violated Code of Judicial Conduct Rule 1.1 requiring judges to comply with the law, and Rule 1.2 requiring judges to avoid impropriety and to act at all times in a manner that promotes public confidence in the integrity of the judiciary.

The parties cite no facts in aggravation. In mitigation, they agree that Respondent self-reported his misconduct; that he cooperated with the Commission during its investigation; that he actively sought and has continued treatment to address some of the underlying issues that resulted in his misconduct and continues to work with his counselor; and that he is remorseful for his conduct. They also agree that under the circumstances, the appropriate sanction is a public reprimand on the condition that Respondent will tender his resignation as the Dunkirk City Court judge effective April 28, 2017, that he shall not be eligible for future judicial service, and that he pays the costs of this proceeding. The Court agrees with the parties.

Accordingly, Tommy D. Phillips II, Judge of the Dunkirk City Court, is hereby reprimanded. This discipline terminates the disciplinary proceedings relating to the circumstances giving rise to this cause. The costs of this proceeding are assessed against Respondent.

All Justices concur.